GEORGIA RAILROAD AND BANKING CO. *v.* ROBERTS.

As the plaintiff in the present case failed to successfully carry the burden of showing that the damages which he sustained were caused by any act of the defendant alleged to be negligent, a verdict in his favor was unwarranted and ought to have been set aside.

Argued November 21,— Decided December 12, 1901.

Action for damages.  Before W. D. Nottingham, judge pro hac vice.  Jones superior court.  July 6, 1901.

*Joseph B. & Bryan Cumming,* and *Hardeman, Davis, Turner & Jones,* for plaintiff in error.

*Johnson & Johnson, J. C. Barron,* and *J. M. Terrell,* contra.

LUMPKIN, P. J.  There was in the court below a recovery by the plaintiff, Green Roberts, against the railroad company, for damages alleged to have been occasioned by a fire in his woods, which he claimed originated from a passing locomotive.  The court overruled a motion for a new trial filed by the defendant, and it excepted. It was in the petition charged that the condition of the locomotive was defective; that it was improperly operated ; and that the company had negligently allowed combustible matter to remain upon its right of way.  The answer denied all the plaintiff's charges of negligence.  There was on the trial clear and undisputed evidence

that the locomotive was in excellent order and condition, and that it was run with due diligence.    On these points it plainly appeared that the company was free from liability.    The principal issue in dispute was whether or not the defendant had exercised due care in the manner in which it kept its right of way.    In this connection the evidence showed that the same had been thoroughly "cleaned off," except that some pine stumps had been left thereon.    It further appeared that the plaintiff had an old and very combustible fence, a part of which stood upon the company's right of way.    This fence for a considerable distance ran parallel with the railroad, and was "crooked in" for the purpose of making connection with a stock-gap in the track.    This condition of affairs had existed for many years, and it was apparent that the company had acquiesced therein.    The evidence warranted a finding that both the stumps and the fence were of highly inflammable material, and that shortly after the passing of one of the defendant's trains a fire originated in a corner of the fence on the right of way in which one of these stumps was located.    It is impossible, however, after a close and very careful examination of the brief of evidence, to determine whether the fire started in the fence and was communicated to this stump, or began in the stump and was thence communicated to the fence.    If the fire originated in the fence, the company could not be held liable; for, under all the evidence, it had nothing to do with the maintenance of the fence, although a part of it was allowed to remain upon the right of way.    It was the plaintiff's business to take care of this fence and keep it in proper condition.    If, on the other hand, the stump first caught fire, the company might be held liable upon the theory that it negligently allowed combustible and highly inflammable matter to unnecessarily remain upon its right of way.    From the foregoing it will be seen that the plaintiff was under the burden of showing affirmatively that the fire originated in the stump.    This burden he did not successfully carry.    In the absence of evidence going to show that the defendant set fire to inflammable material negligently allowed to remain upon its right of way, no recovery could lawfully be had against the company.    The conclusion results that the verdict for the plaintiff was without evidence to support it and ought to have been set aside.

What is said above in effect disposes of every ground of the motion for a new trial which it is now material to consider.

*Judgment reversed.    All the Justices concurring.*