CENTRAL OF GEORGIA RAILWAY CO. *v.* BAGLEY *et al.*

| 121 | 781 |
| 125 | 89 |

| 121 | 781 |
| 127 | 570 |

| 121 | 781 |
| 129 | 370 |

1. An allegation in a petition by two plaintiffs, that certain personalty therein described is "the property of petitioners," is in effect an averment that they are joint owners thereof, there being nothing in the petition to indicate several ownership by one or the other in any portion of the property.
2. That portion of the petition which contained the averments of negligence was sufficient as against the demurrer filed thereto.
3. The assignments of error on the admission of evidence were not well taken.
4. The fact that a witness is an employee of one of the parties is a proper matter to be considered by the jury in passing upon his credibility.
5. The extracts from the charge which were assigned as error were not subject to the objections made thereto. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.

Argued December 14, 1904. — Decided January 28, 1905.

Action for damages. Before Judge Crisp. City court of Americus. July 27, 1904.

The plaintiffs brought suit against the defendant for damages alleged to have arisen from the killing of two mules and a horse by one of the defendant's trains; the petition alleging that the animals were "the property of petitioners." The allegations of negligence set out were as follows: "Petitioners show that the negligence in running said train consisted of the facts that the engine pulling said train was not properly sounded, and the engineer did not keep a proper lookout ahead of the engine, and did not blow the whistle and ring the bell, and did not try to stop the train when petitioners' mules were discovered on the track in front of the train, but ran the train in a very fast and reckless manner, thereby injuring and damaging petitioner as aforesaid." The defendant demurred on the grounds that the petition did not

allege whether the plaintiffs owned the animals jointly or as partners, or whether each owned one or more of the animals; and that the allegations of negligence were insufficient, in that it was not alleged that after the mules came on the track the engineer had any time to do any of the acts the failure to do which is alleged to be negligence, or that he had any time to do these acts after the mules were discovered on the track. The demurrer was overruled, and the defendant excepted pendente lite. The trial resulted in a verdict for the plaintiffs, and the defendant's motion for a new trial was overruled. It complains of these two judgments.

*William D. Kiddoo,* for plaintiff in error.

*Shipp & Sheppard,* contra.

COBB, J. 1. It is well settled that allegations that the plaintiff " is owner of " the property involved, or that it "belongs" to him, or he is "seized," and the like, are allegations of an ultimate fact, and not of a mere conclusion of law. See 21 Enc. P. & P. 718, and cit. The demurrer seems to concede this, and avers that an allegation that the animals were " the property of petitioners" does not sufficiently show the character of ownership. The necessary inference to be drawn from this averment is joint ownership in each of the animals referred to in the petition. It is certainly not to be inferred that one of the plaintiffs owned one animal and the other two.

2. The allegations of negligence in the petition were sufficient. The plaintiffs relied on certain omissions of duty which they claimed constituted negligence. These omissions were subject to explanation by the defendant. It could show that, relatively to the plaintiffs' property, the omission did not constitute negligence, because the animals could not have been seen earlier, and that after they were seen the engineer did not have time to stop the train before striking the animals. These were, however, matters of defense, and need not have been alleged in the petition.

3. It is complained in the motion for a new trial that the court refused to allow the engineer to answer the following question: " Now then, was it possible for you to do anything else besides what you did to prevent the injury ? " The court allowed the witness to testify that after seeing the animals he did everything in his power to stop the train. In two other grounds of the mo-

tion complaint is made of the court's refusal to allow similar questions to be answered by the engineer.　We think the court went quite far enough in allowing the witness to testify that he did everything in his power to stop the train.　The evidence sought was a conclusion of the witness, resting largely upon his mere opinion.　This kind of evidence is usually inadmissible.　In a case like the present it is better for the engineer to state what he did, and leave to the jury the determination of the question whether, in doing the things detailed, he did everything to prevent the injury which he ought to have done.　The engineer not only could but did actually state what he did.　See *Mayor of Milledgeville* v. *Wood*, 114 *Ga.* 370 (2) ; *So. Mut. Ins. Co.* v. *Hudson*, 115 *Ga.* 639 (2).

4. It is also complained that the court, after charging the jury that the fact that witnesses were employees of the defendant was no reason for disbelieving their testimony, added, "except in determining what weight and credit you will give to the testimony of the witnesses."　The court stated the rule with absolute correctness.　The fact that a witness is an employee of a party to a case is a matter bearing upon the interest of the witness, which the jury may consider in passing upon his credibility ; and it was not error to instruct the jury to this effect.

5. Error was assigned upon the following charge: "Now I charge you, gentlemen, that when stock has been shown to have been killed by the locomotive, cars, or other machinery, that the law presumes negligence on the part of the railroad, that that makes out a prima facie case for the plaintiff ; that is, nothing else appearing, the plaintiff would be entitled to recover.　I charge you that the defendant may come in and overcome that presumption.　That, like all presumption, is a matter that can be overcome by proof.　I charge you, that presumption may be overcome by showing that the defendant used all ordinary diligence and care to prevent the accident, to prevent the killing."　The objection to this charge was that it should have been qualified "so as to apply only to the peculiar facts of negligence alleged in the petition."　The argument upon this assignment of error was, that, as the plaintiffs could not recover except upon the negligence alleged, the court should have qualified the charge by saying that the presumption simply went to this extent.　It is now settled

that the presumption arising upon proof of the injury establishes only the negligence alleged, and if it is shown by uncontradicted evidence that there was no negligence as alleged, the presumption is overcome, and the plaintiff is not entitled to recover, although the proof may show other acts of negligence. *Central of Georgia Ry. Co.* v. *Weathers*, 120 *Ga.* 475. The portion of the charge complained of is absolutely correct in every particular. It simply says that, upon proof of the injury alleged, there is a presumption of negligence, and that, nothing else appearing, the plaintiff would be entitled to recover; but that this presumption may be overcome by proof showing that the defendant exercised all ordinary and reasonable care and diligence. These are simply the general principles of law applicable to such a case; and giving them without qualification was not of itself error. As to the propositions of law contained in the charge, they require no qualification to make them sound, and the assignment of error is subject to the criticism that complaint is made of a correct instruction because some other sound proposition was not given in the same connection. See *Atlantic Coast Line R. Co.* v. *Williams*, 120 *Ga.* 1042. It was further complained that the judge erred in stating the contentions of the parties; this assignment of error being an effort to raise the same question as was sought to be raised by that which has just been considered. The judge in a general way stated the contentions of both parties; and if a more elaborate statement of the contentions had been desired, an appropriate written request should have been made in due time. The charge was not as full as it might have been, but it contained the general principles of law applicable to the case, and if amplification had been desired, appropriate requests should have been made. See, in this connection, *Smith* v. *Mfg. Co.*, 112 *Ga.* 680 (2).

The evidence was conflicting, but there was evidence from which the jury could find that the presumption against the company had not been rebutted; and the discretion of the trial judge in refusing to grant a new trial will not be interfered with.

*Judgment affirmed. All the Justices concur.*