## SOUTHERN RAILWAY COMPANY *v.* SHEFFIELD.

1. In a suit against a railroad company for damages for the killing of stock, a declaration which alleges the number of animals killed, the sexes, the time and place of the injury, and alleges them to be of an average value of $15, is not open to demurrer upon the ground that "the separate items of damage were not sufficiently set forth."
2. The assignments of error upon the overruling of other grounds of demurrer, not being referred to in the brief of counsel for plaintiff in error, will be treated as abandoned.
3. The excerpts from the charge of the court, to which exception is taken, are practically a statement of the general rule expressed in the Civil Code, § 2321. They are applicable to the facts of the case, and are not erroneous for any reason assigned.
4. The request to charge contains a statement that certain acts would not constitute negligence. In order to avoid an invasion of the province of the jury, the court properly refused the request.
5. The evidence was conflicting, but sufficient to support the verdict for the plaintiff.

Submitted July 18, 1906.—Decided February 14, 1907.

Action for damages. Before Judge Gale. City court of Brunswick. September 29, 1905.

*Kay, Bennet & Conyers,* for plaintiff in error.

*J. D. Sparks,* contra.

ATKINSON, J. · 1, 2. The only ground of demurrer which is insisted upon in the brief of counsel for plaintiff in error is that wherein it was insisted that the separate items of damage were not sufficiently set forth. We do not think this objection was well founded. The declaration alleged the number of cattle, the approximate ages, and the time and place at which they were killed. It is alleged that they were all killed at the same time and that they were of the average value of $15. There being no reference in counsel's brief to the remaining grounds of demurrer, under the rules of this court they will be treated as abandoned.

3. The 4th, 5th, and 6th grounds of the motion for new trial complain of certain excerpts from the charge of the court, as fol-

lows: (4) "The defendant admits, gentlemen, that its train killed the cattle at the time and place stated, but it denies that it is liable for the killing, because it claims that its employees, agents, and servants exercised all reasonable care and diligence in the operation of its train and endeavored, in every way that ordinary prudence would suggest, to avoid injuring or killing the stock;" said charge being error because it misstated the contention of the defendant and placed upon it a greater burden of proof than the law would require in said case, for that the defendant only denied that it was guilty of the particular negligence charged in the plaintiff's petition. (5) "The law provides that when a railroad company by the operation of its locomotives, cars, or other machinery, injures stock of another, and the fact is shown to the jury that the stock was injured or killed by the defendant company's train, then the presumption is that it was killed negligently, and the burden is thereupon placed upon the defendant company to show to your satisfaction by the evidence that the killing was not the result of its negligence, and that when the stock were killed they were in the exercise of all ordinary and reasonable care and diligence in the operation of their train, did everything that an ordinarily prudent man would have done to avoid injuring the stock; said charge being error because it placed upon the defendant a greater burden of proof than the law authorized, it being incumbent upon the defendant in such case only to prove that it was not guilty of the particular negligence charged in the petition." (6) "I charge you, however, that where the killing is shown, negligence is presumed, and the burden is upon the railroad company, when the killing is shown to have occurred by one of its trains, to establish by a preponderance of the evidence that it was in the exercise of all ordinary and reasonable care and diligence; said charge being error because it placed upon the defendant the burden of showing that it was not guilty of any negligence whatever, when the law only required it to rebut the presumption that it was not guilty of the particular negligence charged in the petition." The criticisms of the court's charge as made in the exceptions referred to are not well founded. The charge of the court was practically a statement of the general rule laid down in the Civil Code, §2321. The rule is applicable to the facts in the case. See, in this connection, *Central Ry. Co.* v. *Bagley,* 121 *Ga.* 783-4.

.4. Error is assigned upon the ruling of the court in refusing, upon request of counsel, to give in charge to the jury the following: "If you find from the evidence that if, when the cattle were seen on the track, the agents of the railway company exercised all ordinary and reasonable care to stop the train before striking and killing them, and you further find that thereafter the cattle so left the track as to induce the agents of the railway company in charge of the train, in the exercise of all ordinary and reasonable care, to believe that they had gone where they were beyond danger, and if thereupon the slacking of the speed of the engine ceased and the engine started ahead again, then it would be for you to consider and determine whether such conduct was negligence, and to authorize a recovery for the killing of the cattle, and if thereafter, as soon as the agents of the defendant, in the exercise of all ordinary care, discovered that the cattle were again in danger, if you find that the agents of the defendant then did all that ordinary care would require to avoid killing them, and they were nevertheless killed, then this would not establish legal negligence against the defendant or authorize a recovery by the plaintiff, but you would find for the defendant." There was no error in refusing to give this request in charge to the jury; because it contained a statement as to what would not constitute negligence.

5.. The evidence was conflicting, and was sufficient to support the verdict. It is insisted that the damages were excessive, but we can not say that they were. The pleadings and evidence authorized a verdict for the amount found by the jury, the court approved the verdict, and we will not interfere with its discretion.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*