GEORGIA, FLORIDA & ALABAMA RAILWAY COMPANY *v.* SUMMER.

ATKINSON, J. 1. The court charged the jury as follows: "If it should be shown to your satisfaction, first, that the plaintiff has sustained an injury, and in the next place it should be made satisfactorily to appear to you that such injury or damage was done by the railroad, I say if these two things appear, and made further to appear that it

was the property of the plaintiff, then the law would raise the presumption of negligence against the railroad, and it would place the burden upon the railroad of showing that it was not liable, either by showing that it didn't do the injury, or that, if it did do it, it happened without any negligence on the defendant's part after it had exercised ordinary care and diligence. Or rather I should put it in this way, that even if it happened, it had exercised ordinary care and diligence, and for that reason it was not negligent." Error was assigned upon this charge as follows: "(a) The burden was on the plaintiff to show, by a preponderance of the evidence, that his property was destroyed by the defendant; and it was not sufficient to show this fact to the satisfaction of the jury, unless the jury became satisfied upon a consideration of the preponderance of the evidence. (b) The charge placed upon the defendant the burden of showing that it was 'without any negligence,' whereas the only burden which the law imposed' under the presumption of negligence was that of showing that the defendant was not guilty of any of the specific acts of negligence alleged in the petition."

(a) In the absence of a proper request specially to charge the law with regard to preponderance of evidence, the charge is not open to the first criticism made upon it. *Gunn* v. *Harris*, 88 *Ga.* 439 (5), (14 S. E. 593).

(b) Nor was the charge subject to the second criticism. The judge substantially accorded with the provisions of the Civil Code, §2321; and in the absence of a proper request, and in the light of the entire charge, it is not sufficient cause for the grant of a new trial that he did not expressly instruct the jury in the same connection that they were not to consider any other ground of negligence than those alleged in the petition. *Central Ry. Co.* v. *Bagley*, 121 *Ga.* 781 (49 S. E. 780); *Southern Ry. Co.* v. *Sheffield*, 127 *Ga.* 569 (56 S. E. 838); *Southern Ry. Co.* v. *Thompson*, 129 *Ga.* 367, 370 (58 S. E. 1044).

2. Where, in a suit against a railroad company, seeking to recover damages on account of destruction of property by fire, one ground of negligence set up in the petition was improper management of defendant's engine, and the plaintiff introduced evidence from which the jury could find that the property was burned by reason of a fire resulting from the emission of sparks or the dropping of coals from the defendant's engine while being operated, thus raising a presumption of negligence against the defendant, and where there was also evidence tending to show that the engine was run upon a side-track and coupled to cars with a jolt or bump, that the engine passed within four or five feet of the shed' containing the plaintiff's lumber, and that shortly thereafter a fire occurred which apparently originated near the center of the track, and' the evidence indicated no other origin thereof, there was sufficient evidence to authorize the court to submit to the jury the question of whether the train was improperly managed or not.

3. There being evidence that the plaintiff was the owner of a lumber-shed which was located on the right of way of a railroad company, and which was used in connection with the shipment of lumber by the plaintiff, and that the company acquiesced in such ownership and use, there was no error in refusing to charge that if its destruction was caused by fire negligently set out by the defendant, there could' be no recovery for the

value of such house, and in submitting to the jury the question of re-covering on that account, along with the claim to recover on account of lumber stored in the house, which was also burned.

4. The suit being for an injury to property resulting from fire alleged to have been negligently set out by the engine of a railroad company, and there being several grounds of negligence alleged, and the evidence being such as to authorize the jury to find that the defendant was negligent and to raise a presumption against the defendant, though there was a conflict in the testimony, there was no error in refusing to charge on request that "if any combustible material was placed on defendant's right of way by the plaintiff, or resulted from the use of the plaintiff or any of his tenants of the defendant's right of way at or near where the fire started, and if you further believe that there was combustible material on the defendant's track or right of way, placed there by it or its servants, the burden would be on the plaintiff to show that the fire did not originate in the litter or combustible material placed· on the right of way as a result of the use of it by the plaintiff or his tenants."

(a) In *Ga. R. & B. Co.* v. *Roberts,* 114 *Ga.* 387 (40 S. E. 264), the suffi-ciency of the evidence in a particular case to authorize a recovery was being discussed, and not the charge of the court or a rule of law to be given in charge. The evidence in the present case was different from that there involved, and this case is not controlled by the decision then made on the special facts under discussion.

5. Nor was there any error in refusing a request to give a charge in the following terms: "I charge you that if you believe the proximate cause of the damage to the plaintiff was combustible material on the right of way, resulting from its use by the plaintiff or his tenants, the plaintiff can not recover." This request apparently treats the act of a tenant as affecting the landlord equally with his own, and omits all reference to any question of negligence on the part of either party. The judge would not have been authorized to instruct the jury as matter of law that for the plaintiff or his tenants to leave combustible ma-terial on the right of way would constitute negligence.

6. Taking together the evidence of the plaintiff and his employee in regard to the entry of an order of lumber for sawing and shipment, its being sawed and checked out as it was loaded on a dray to be carried to a place on the right of way of the railway from which it was to be shipped, the inspection of it by the plaintiff at such place shortly before it was in part destroyed by fire, his knowledge as to the loading and unloading of much of it, and his opinion as to the quantity at the time when he last saw it on the right of way of the railroad on the day before the fire, he having been engaged in the sawmill business for several years, and in regard to his checking what remained un-burned, there was no error in admitting, over the objections urged against it, the testimony of the plaintiff and his employee in reference to the size and number of pieces of lumber, using 'the written memo-randa of the amounts as checked thereon, in connection with their tes-timony.

7. Where, in an action for damages against a railroad company for the burning of lumber located near its track, it was alleged that the de-

fendant was negligent in that the fire-box, ash-pan, and other parts of the locomotive underneath the fire therein had cracks and holes in them, by reason of which hot ashes and live coals and cinders fell through upon a side-track at a point where trash and combustible material extended from the center of the track to the plaintiff's property, and also that the locomotive was not equipped with a proper spark-arrester; and where upon the trial the engineer upon the engine which was alleged to have caused the damage testified on behalf of the defendant, in substance, that for some fifteen days before the fire occurred and on the day of the fire, as well as some two months afterwards, the engine was in the same condition with respect to its grates, fire-box, ash-pan, smoke-stack, and the appliances designed to prevent the dropping or throwing out of live coals or sparks, that it was in perfect condition in this respect during that period, and that if it had been in good condition it would not have thrown out sparks as large as his thumb, it was competent for the plaintiff to prove that seven or eight days after the fire the engine passed the point where it occurred and that a large wood coal, as large as a man's thumb, dropped from the ash-pan on to the track.

(a) Such evidence having been properly admitted, there was no error on the part of the court in declining to rule, on motion of defendant's counsel made at the conclusion of the evidence, that the testimony stated could not be used for the purpose of showing that the defendant's engine was in a defective condition at the time of the fire, but only for the purpose of contradicting the defendant's witness; and this is true although a witness introduced by the defendant after the introduction of this evidence testified that the end of the ash-pan of the engine is kept closed by dampers operated by levers from the inside of the engine, that the dampers are kept closed behind and open in front, that a man standing beside the track in the position stated by the plaintiff's witness could not see in the ash-pan, that when the damper is shut nothing can come out, and that the damper is only opened when the ash-pan is being cleaned out.

8. The evidence was sufficient to support the verdict. None of the other grounds of the motion for a new trial require a reversal, and there was no error in overruling the motion.

*Judgment affirmed. All the Justices concur.*

Argued February 12,—Decided August 10, 1909.

Action for damages. Before Judge Worrill. Early superior court. August 1, 1908.

*Donalson & Donalson* and *Pottle & Glessner,* for plaintiff in error. *Pope & Bennet* and *Park & Collins,* contra.