## MOORE v. LOGANVILLE MERCANTILE COMPANY.

BELL, Justice. 1. "It has been held by this court that on the trial of a statutory claim to land under the Civil Code of 1910, § 5157, interposed to resist the levy of a fi. fa., it is not necessary, in order to show fraud in a deed to the claimant, to have special pleadings for that purpose." *Simmons* v. *Realty Investment Co.,* 160 *Ga.* 99, 101 (127 S. E. 279). Accordingly, in the instant claim case in which the claimant relied upon a deed from the defendant in execution, the court did not err in admitting the evidence offered by the plaintiff in execution, to the effect that the parties to this deed were husband and wife, over objection that there was no pleading to authorize the introduction of such evidence. *Douglas* v. *Jenkins,* 146 *Ga.* 341 (91 S. E. 49, Ann. Cas. 1918C, 322).

2. "In a claim case where the wife sets up title to the property levied upon under a deed from her husband, and his creditor attacks the same upon the ground that it is a fraudulent conveyance, intended to hinder, delay, and defraud such creditor, the law does not put upon the creditor the burden of establishing fraud in the conveyance. On the contrary, it puts the burden upon the husband and wife. They must show that the transaction as a whole is free from fraud." *Gill* v. *Willingham,* 156 *Ga.* 728 (9) (120 S. E. 108); *Simmons* v. *Realty Investment Co.,* supra; *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23 (174 S. E. 708).

3. The trial was free from error, and the evidence authorized the verdict in favor of the plaintiff in fi. fa. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11738. APRIL 16, 1937.

*W. L. Nix,* for plaintiff in error. *Hope D. Stark,* contra.