TUCKER *v.* TALMADGE, Governor.

No. 12378. SEPTEMBER 24, 1938.

*Maddox & Griffin,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general,* and *Walter B. Shaw,* contra.

JENKINS, Justice. 1. "Every conveyance of real or personal estate, by writing or otherwise, . . had or made with intention to delay or defraud creditors, and such intention known to the party taking," is "fraudulent in law against creditors, . . and as to them null and void. . . A bona fide transaction on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid." Code, § 28-201 (2). "When a transaction between husband and wife shall be attacked for fraud by the creditors of either, the onus shall be on the husband and wife to show that the transaction was fair." § 53-505; *Moore* v. *Loganville Mercantile Co.,* 184 *Ga.* 351 (2) (191 S. E. 121), and cit. "As against creditors, [such] transactions . . should be closely scanned, and the utmost good faith" must be made to appear. *Rountree* v. *Lathrop,* 69 *Ga.* 757 (*b*); *Booher* v. *Worrill,* 57 *Ga.* 235, 238; *Shorter* v. *Methvin,* 52 *Ga.* 225 (2).

2. On the trial of the claim by a wife to land levied on as the property of her husband under an execution in a criminal-bond forfeiture in favor of the State against the husband as a surety, which claim the jury determined adversely to the claimant, the court did not err in admitting either the rule nisi and scire facias issued in the forfeiture, with an entry by the sheriff showing service on the husband, or the answer filed by the husband contesting such proceeding, over objection that such evidence was irrelevant and prejudicial, where the deed under attack from the husband to the wife was executed about two weeks after the service on the husband, and where there was testimony, although disputed, that the wife was present at the time of the service.

3. No prejudicial error appears in the admission: (a) Of oral testimony, additional to the admitted documentary evidence, as to the fact and time of the service on the husband, and as to his defense in the forfeiture proceedings, over the objection that there was higher and better evidence, and that such testimony was irrelevant. (b) Of testimony by the husband that the principal in the criminal-bond forfeiture was at the husband's home before the husband surrendered him, since, irrespective of its legal admissibility, the claimant wife herself testified to the same effect.

4. The onus being on the claimant wife to show the fairness of the transaction and deed under which she claimed, as the court correctly charged, and she having assumed this burden and accepted the right to open and conclude the argument, it was not error, in the absence of request, for the court to fail to charge the jury further as to such burden, or as to any shift in the burden of introducing evidence. *Hawkins* v. *Davie,* 136 *Ga.* 550, 552 (71 S. E. 873); *Small* v. *Williams,* 87 *Ga.* 681 (6), 682 (13 S. E. 589); *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5); *Ga., Fla. & Ala. Ry. Co.* v. *Sumner,* 133 *Ga.* 134 (65 S. E. 381); *A. & B. Ry. Co.* v. *Sumner,* 134 *Ga.* 673 (10) (68 S. E. 593); *Hogg* v. *L: & N. R. Co.,* 33 *Ga. App.* 773 (3), 774 (127 S. E. 830), and cit.

5. The court charged: "You will have all of these papers out with you in your jury-room, the execution and all entries thereon, and the claim and all the papers connected with this case. You may refer to each and all of them as often as you may see fit, read them, any or all of them for the information contained

therein." This instruction was not subject to the exception that it tended to cause the jury to believe to be true the entry of the sheriff on the execution that the property in dispute was "levied on and to be sold as the property" of the husband, where the quoted language of the charge was immediately followed by the explanatory words, "and in that way see just what the plaintiff contends and what the claimant contends, and keep the issues clearly in your minds."

6. When the judge undertakes to charge the law upon a particular subject, he should charge all on the subject that is material and applicable to the case. Upon the controlling issues of this case, the claimant introduced two witnesses and the plaintiff in execution one witness. Therefore, when the court undertook to state the principles of the Code, § 38-107, as to how the preponderance of evidence should be determined, it was harmful error against the claimant to omit the final sentence of that section, that "the jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." *Farmers State Bank* v. *Kelley,* 166 *Ga.* 683 (144 S. E. 258); *Hinson* v. *Hooks,* 27 *Ga. App.* 430 (108 S. E. 822). This case differs on its facts from *George* v. *McCurdy,* 42 *Ga. App.* 614 (157 S. E. 219), where the testimony related to an incidental or collateral issue.

7. The judgment being reversed on the special ground just stated, it is unnecessary to decide as to whether the court committed reversible error in inaptly omitting the word *"reasonable"* in an instruction with reference to the Code, § 28-201 (2), that if the claimant wife "had cause to know or believe that [the deed] was being made, executed, and delivered to her for the purpose of hindering, delaying, or defrauding creditors," the jury should find against the claimant, since such an omission is not likely to occur in another trial. For the same reason, it is unnecessary to determine whether the incomplete statement of the rule as to the amount of mental conviction and preponderance of evidence, under § 38-105, would require a reversal. Nor, for the same reason, is it necessary to determine whether the apparently inadvertent use of the pronoun "he" instead of "she,"

complained of in ground 12 of the motion for new trial, could have reasonably confused or misled the jury.

> Judgment reversed. *All the Justices concur.*