55030. SWANSON v. UNIVERSAL PROMOTIONS, INC. et al.

DEEN, Presiding Judge.
1. As between husband and wife, a presumption of gift arises where the purchase money is paid by one spouse who causes the conveyance to be made to the other. Code § 108-116. There is no such presumption, however, where one spouse purchases personal property and takes title in himself, and the property is subsequently used by both.
2. Where property is levied on under fi. fa. as that of the judgment debtor, and it is claimed by his wife as her property under a conveyance from her husband, the plaintiff in fi. fa. contending that such conveyance, if it exists, is in fraud of creditors, the burden is on the claimant and her husband to show that the transaction was a bona fide gift. *Moore v. Loganville Mercantile Co.,* 184 Ga. 351 (2) (191 SE 121). It was not error in this case for the trial judge to hold that, on a levy against a truck as the property of the husband, the burden was on the wife claiming the property as her own to prove a gift from him to her.
3. The general rule is that the burden of proof lies on the plaintiff in execution in a claim case where the property levied on is not at the time of levy in the possession of the defendant in fi. fa. Code § 39-904. It is here contended that it was error to refuse the tender in evidence by the appellant (wife of the defendant in fi. fa.) of a warranty deed to property on which the truck levied upon was found. The real estate was in fact titled in the

wife, but both husband and wife lived there, and the husband also used the premises as his business address. Where this is the case, the possession is at best joint, and the burden remains on the claimant wife to show that the personal property belongs to her. Cf. *Lane v. Happ Bros. Co.*, 44 Ga. App. 577 (1) (162 SE 519). Record title to the home was irrelevant and no harmful error appears from refusal to accept evidence as to the ownership of the property.

4. Briefly, appellee Universal Promotions, Inc. filed suit against Walter Swanson, appellant's husband, on December 16, 1976, obtained judgment on March 22, 1977, and on May 23, 1977, levied a fi. fa. on a truck purchased by him July 7, 1973, title to which remained in his name until June 1, 1977. The truck was located in the backyard of the house where the Swansons lived. Mrs. Swanson testified that she worked for her husband, that he had made a down payment on the car in 1973 and given it to her as a birthday present and that she had kept up the payments. This testimony was supported by a number of checks signed by Mrs. Swanson comprising at least a majority of the monthly installment payments to G.M.A.C., holder of the security interest in the vehicle. The husband had driven the truck up to the house immediately prior to the levy. Mrs. Swanson had another car. She had not, so far as the record shows, paid taxes on the truck prior to 1977 or obtained a transfer of title from her husband to herself until after the suit was filed. Under all these circumstances it was a question for the finder of fact whether the vehicle had in fact been purchased as a gift to appellant and delivered to her, as contended, in 1973. The judge hearing the case without the intervention of a jury found against the appellant's contentions, and that judgment, being supported by evidence, is affirmed.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 24, 1978.

*Fred W. Minter,* for appellant.
*Moulton, Carriere, Cavan & Maloof, J. Wayne*

Moulton, Charles W. Smegal, for appellees.