ROBERTS *et al. vs.* IVEY.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

In determining upon the boundary line between two tracts of land, the jury are not obliged to govern their finding by marked trees, and recent surveys coincident therewith, rather than by corners or fixed points on the land, recognized by former proprietors as true places of the boundary, and surveys which conform to them. The right location of the boundary line, in the present case, was a question of pure fact, and the evidence justified the verdict.

New trial. Land. Boundaries. Before Judge LESTER. Lumpkin Superior Court. April Term, 1879.

Report unnecessary.

WIER BOYD; C. D. PHILLIPS, for plaintiffs in error, cited Code, §2387; 16 *Ga.*, 141.

PRICE & BAKER, for defendant, cited 16 *Ga.*, 141; 34 *Ib.*, 290; 54 *Ib.*, 608; Waite's Actions and Def., 1 vol., 712; 5 Mass., 16; 35 Tex., 801; 16 *Ib.*, 84; 15 *Ib.*, 309; Code, §§2387, 2388.

BLECKLEY, Justice.

The complainants own lot No. 861, and the defendant owns lot No. 860. The sole disputed question is, where is the true dividing line between them? The complainants contend that it runs over a certain excavation known as the Shockley shaft, and the defendant contends that it runs over or near a certain other excavation known as the Brittain shaft. These two excavations are some one hundred feet apart, and are visible remains of mining operations carried on in the past. The defendant's present works are upon the intermediate territory, and if the Brittain shaft is to govern, he is upon his own land, but if the Shockley shaft is to govern, he is upon the land of the complainants. Divers sur-

veys and re-surveys have been made with somewhat different results. The marked trees are strong for the Shockley, but the concurrent acts and declarations of former owners of the respective tracts are overwhelming for the Brittain. It is plain that the jury had ample evidence before them to justify a finding either way. Tradition was for one party, and trees for the other. The jury recognized the line which the early proprietors recognized and endeavored to establish. On such a controversy the rule in this court is to go with the jury where we are not certain of a better line, and the application of that rule forces us to declare for the Brittain.

Judgment affirmed.