### GUNN v. HARRIS.

88  439
121  808

1. Where the location of the dividing line between the parties liti‐
   gant is relevant to the matter in controversy, the testimony of the
   county surveyor that he ran the line pending the suit, that de‐
   fendant was present when this was done, and that a certain map
   of the survey is correct, is admissible evidence for the plaintiff,
   notwithstanding the surveyor also testifies that his work was done
   in the course of processioning the land in accordance with the
   statute on that subject. That the surveyor obtained his informa‐
   tion as to the true location of the line while engaged in proces‐
   sioning the tract, will not affect the admissibility of the evidence.
   The plat was admissible to illustrate the evidence of the witness;
   and if the accompanying report of the processioners corresponded
   with this evidence and with the plat, it was harmless; and if it
   differed from the same, the contents should have been set out in
   the bill of exceptions.
2. The fact that defendant was present when the line was run would
   be no basis for an inference that he knew where the true line was
   at the time he committed the alleged trespass.
3. That a witness noticed, pending the suit, that timber had been
   cut, and that it appeared to have been cut after the suit was
   brought, but he could not tell whether it was afterwards or several
   years before, was immaterial, inasmuch as the quantity cut, or by
   whom, was not stated by the witness. Its admission would not
   vitiate the verdict.
4. The court in its charge having stated to the jury that the issue
   was made by the declaration and the plea, reciting the substance
   of both, it was not incumbent upon the court, in the absence of a
   request, to charge more specifically that the matter in controversy
   involved trespasses committed before the suit was brought and
   not afterwards.
5. The court having charged the jury that "the burden is upon the
   plaintiff to make out his case to your satisfaction by proper testi‐
   mony before he can ask the jury to give him a verdict," the omis‐
   sion to charge, in the absence of a special request, the general
   doctrine as to the preponderance of evidence, was not error.

February 15, 1892.                    *Judgment affirmed.*

Trespass. Evidence. Charge of court. Before
Judge MILLER. Bibb superior court. November term,
1890.

This action of trespass was brought by Harris against
Gunn on the 28th of March, 1890. The object of the

suit was to recover damages from the defendant having unlawfully entered upon land of the plaintiff and cut and carried therefrom timber; and also from his having cleared up and planted and cultivated crops on the land and gathered the same. At the trial the court admitted in evidence, over objection of defendant, a certain plat and proceedings for processioning, the plat having been made by Wheeler, the county surveyor, on the 15th of July, 1890, and the processioning appearing to have been upon that day, together with the following testimony of Wheeler in reference thereto: I know where lot eighty-six is, that is owned by Harris; made a survey which divided lot eighty-six from the adjoining property; Gunn was present at one of the surveys; I processioned the land under the law, and made a survey of the land once before that; Gunn was present when I ran a line dividing his lot from the other; I was ordered by the processioners to run the second survey; this survey I have been testifying about is the one I ran under the processioners; made the last survey July 19, 1890. Nisbet testified: I saw where the wood had been cut; some that I saw was cut recently; we were there in July, and I suppose it was cut during the latter part of the summer; as to whether a man could tell whether it had been cut five years or one, in woods like that, I hardly think it would make much difference; I do not know when that wood was cut.—The objection to this testimony was, that the suit was filed on the 28th of March, 1890, and that the evidence objected to was calculated to impress the jury with the belief that Gunn had knowledge of the processioning and the finding of the processioners that the land belonged to Harris prior to the time that he cut the wood off of the said land, and particularly was this the case when Nisbet was allowed to testify in reference to wood which he said had been cut during that summer. To the overruling of this objection Gunn excepted.

The next exception is, that the court utterly failed in his charge to call the attention of the jury to the law that the plaintiff could only recover in this case for trespasses committed prior to the filing of the suit; and that this failure so to charge or in any way to qualify or explain the admission of the aforesaid illegal testimony, resulted in the verdict against the defendant. It is further contended that the failure so to charge was peculiarly hurtful to the defendant, for the reason that, as the court charged the jury, the extent of his liability depended upon the evidence as to whether he willfully and knowingly trespassed upon the land of Harris, or whether he in good faith cut wood therefrom believing the land to be his own; and that the evidence so admitted was calculated to impress the jury with the belief that Gunn had willfully and knowingly trespassed upon the land, and therefore resulted in the verdict which made him responsible for the value of the property at what it was worth after it had been cut down and brought to market.

The remaining exception is, that the court erred in failing to charge that, in order for the plaintiff to recover, the preponderance of testimony must be in his favor, or anything in substance to that effect, the only charge on this point being as follows: "The burden is upon Harris to make out his case to your satisfaction by proper testimony before he can recover—before he can ask the jury to give him a verdict."

R. W. PATTERSON, for plaintiff in error.
ESTES & ESTES and M. R. FREEMAN, *contra*.