## SOUTHERN RAILWAY COMPANY *v.* DANTZLER.

*Atkinson, J.*—1. What purports to be a copy of the brief of the oral evidence agreed to by counsel and approved by the trial judge appears in the record. Immediately following this are copies of certain documents, but there is nothing in the record which shows that the originals of these copies were introduced in evidence or that any copies of such originals ever constituted parts of the brief of evidence as approved by the judge. This court, therefore, cannot treat as portions of the transcript of the brief of evidence in this case the above mentioned copies of documents, but is confined to the transcript of the brief of the oral evidence.

2. The Supreme Court cannot review a charge alleged to be erroneous, when the exception thereto does not set forth, either directly or in substance, the language complained of, or at least enough of the same to convey a clear understanding of such charge. Accordingly, that ground of the present motion for a new trial which merely refers in general terms to a particular instruction, and undertakes to state the movant's conclusion as to its meaning and effect, without stating with reasonable certainty what the instruction was, does not come up to the legal requirement that an assignment of error shall be plainly and distinctly made. The ground herein referred to is

in the following words: "Because the court erred in giving directions to the jury as to how they should find the present value of a sum they might determine would be due him at some future time, say the end of his life. The error being that the minds of the jury were led to find first a sum that they should divide by 'the interest on one dollar for thirty-nine years, added to the one dollar,' and that they should then decrease the result according to the decreased or decreasing capacity of the plaintiff to labor. This whole plan was calculated to mystify and mislead the minds of the jury as to how they should arrive at the amount of their verdict."

3. Omitting from consideration the numerous assignments of error which cannot be intelligently passed upon without referring to the documents alluded to in the first head-note, and also omitting from consideration the ground of the motion for a new trial above copied, the record discloses the commission of no error which would authorize the granting of a new trial; and upon the merits, the evidence, though conflicting, warranted the verdict.                               *Judgment affirmed.*

August 24, 1896.

Action for damages. Before Judge Kimsey. Habersham superior court. September term, 1895.

*John B. & Hubert Estes,* for plaintiff in error. *Van Epps, Ladson & Leftwich* and *Howard Thompson,* contra.