### BOWEN *v.* SMITH-HALL GROCERY COMPANY.

1. A petition alleged in substance as follows: A firm, whose place of business abutted on a much traveled street in a city, placed a large quantity of trash and loose sheets of paper on and near the street and sidewalk on a day when the wind was blowing sharply. They did not put it in a receptacle or confine it in any way. The sheets of paper were light and were naturally liable to be blown about the street by even a light breeze, and naturally and inevitably tended to excite and frighten not only nervous horses and mules, but even quiet and steady

46

ones. The plaintiff, a capable driver, was driving two reasonably well broken, steady, and roadworthy horses along the street. The wind blew some of the paper under the horses and against their legs, frightening them and causing them to run away and injure him. *Held,* that such petition was not subject to general demurrer.

(*a*) Where it was also alleged that there existed in a city an ordinance requiring the proprietor of each business house to keep a covered garbage can outside of his place of business, and to place in it all refuse, garbage, and trash from such place, to be called for by the proper city officers, and that trash and paper were placed on and near the sidewalk by the defendants on the day of the injury, without being confined in such receptacle, and in violation of the ordinance, this did not render the entire petition demurrable on the ground that the ordinance was a sanitary measure and was not enacted for the purpose of preventing horses from being frightened. The ordinance on its face, as set out in the petition, appears to have been enacted as a sanitary measure; and so considered, its violation would not be negligence per se as to persons driving along the highway. But, though not negligent per se, relatively to the plaintiff because in violation of the ordinance, the acts done might be negligence as a matter of fact.

2. There was no merit in the ground of demurrer which raised the contention that the violation of the ordinance was not the proximate cause of the injury, but that a separate and independent intervening cause, the blowing of the wind, was the proximate cause, coupled with the fact that the horses became frightened, and that this was the act of God, for which the defendants were not responsible.

(*a*) If the acts of the defendants constituted negligence with reference to the plaintiff, without regard to whether a violation of the ordinance was negligence per se, the blowing of the wind which was known or might naturally be expected was not an independent intervening cause, so as to prevent the negligence of the defendants from being the proximate cause of the injury.

(*b*) There is nothing in the petition to show that there was any unforeseen or sudden wind of such a character as to come within the legal meaning of the expression "an act of God," which may break the chain of causation arising from the alleged negligence of the defendants.

MAY 22, 1914.

Action for damages. Before Judge Fite. Whitfield superior court. April 8, 1913.

Grady Bowen filed his petition for damages against the Smith-Hall Grocery Company. The petition as amended alleged, in substance, as follows: The Smith-Hall Grocery Company is a partnership doing business in the city of Dalton. Its storehouse and place of business fronted on Hamilton street, the principal business street of the city, upon which at all times of the day there was a large amount of travel by pedestrians and all kinds of vehicles. At the time of the injury complained of there was in force in the city the following ordinance: "The proprietor of each business

house must keep a covered garbage can outside of his place of business, in which must be placed all refuse, garbage, and trash from said place of business, to be called for by the proper city officers." On the day of the injury the defendants through their employees placed upon and near to the street and sidewalk thereof, in front of their place of business, a large amount of trash and loose sheets of paper, without putting it in any receptacle or confining it in any way. The wind was blowing sharply. The pieces of paper were loose and light and were naturally and easily liable to be blown up and down or across the street by even a light breeze, and if so blown, the rattling caused by them and their moving toward horses and mules passing along the street and striking them would naturally and inevitably tend to excite and frighten not only excitable and nervous horses and mules, but even quiet and steady ones, and cause them to start, rear, plunge, and run away. The plaintiff was driving along the street in a buggy drawn by two horses, reasonably well broken, steady, and roadworthy, and he was capable of driving and handling horses. When about fifty to seventy-five yards from the pile of trash and paper, the wind caught up and blew some sheets directly under his horses. The sudden rattling and fluttering of the papers beating upon the legs of the horses excited them, and in spite of all that the plaintiff could do they got beyond his control, and ran away, overturning the vehicle, breaking the tongue out of it, and turning it over. The plaintiff was thrown violently to the ground, and received serious personal injuries which are permanent. The violation of the city ordinance was negligence per se on the part of the defendants. Without regard to the ordinance, the defendants were guilty of negligence in placing the trash and paper upon the street, because it naturally and reasonably tended to cause the injuries complained of, and did cause them. The plaintiff was without fault or any lack of ordinary care in the matter.

The defendants demurred on the following grounds: (1) Because the petition set forth no cause of action. (2) Because the ordinance referred to was enacted as a sanitary measure, and not to prevent horses driven along the street from becoming frightened. (3) Because the facts as alleged do not constitute such negligence as the defendants, in the exercise of ordinary care, might have reasonably anticipated would result in the plaintiff's injuries. (4).

Because the violation of the ordinance was not the proximate cause of the plaintiff's injuries. The blowing of the wind, which was an act of God, coupled with the horses becoming frightened, was the proximate cause, and for this the defendants are not liable. The judge sustained the demurrer and dismissed the case. The plaintiff excepted.

*J. E. Rosser* and *W. M. Henry,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendants.

LUMPKIN, J. (After stating the foregoing facts.)

1. Whether or not the ordinance requiring the proprietor of each business house to keep a covered garbage can outside of his place of business, and to cause to be placed therein all refuse, garbage, and trash, to be removed by the proper city officers, was purely a sanitary ordinance, or whether the requirement that it should be covered also included the idea of preventing the contents from being blown about the street, is not a controlling question in the case. The ordinance on its face appears to have been enacted as a sanitary measure. So considered, its violation would not be negligence per se relatively to a person driving horses along the highway, who was injured by the horses taking fright. Nevertheless (without constituting as to such a person negligence per se, as being the violation of an ordinance passed for the protection of those driving in the street) if a quantity of trash and loose paper was placed upon and near to, the sidewalk and street, which was a public way where many vehicles passed, while the wind was blowing, in such a manner that the natural and probable consequence thereof would be to frighten ordinarily gentle and roadworthy horses which were being driven along the highway, this might, as matter of fact, constitute negligence as to persons thus lawfully driving; and if injury resulted therefrom, the defendants might be liable. That an act can not be declared to be negligent per se, or as matter of law, does not necessarily prevent it from being negligent as matter of fact.

In *City of Rome* v. *Suddeth,* 116 *Ga.* 649 (42 S. E. 1032), a suit for damages was brought against a municipal corporation on account of personal injuries. It was alleged that the municipal authorities allowed to be placed at a certain point in the city "two large stones," and that the plaintiff's horse became frightened at these stones and ran away, causing the injuries. The petition

failed to allege the length of time that the stones were permitted to remain in the place described, that the stones were objects naturally tending to frighten an ordinarily roadworthy horse, and that the plaintiff's horse was such an animal. It also did not allege that the city violated any duty in failing to cause the removal of the stones; nor did it make any allegation of fact from which such a violation of duty could be inferred. It was held that such a petition did not state sufficient facts to authorize a recovery, and was demurrable. When the case was returned to the trial court, an amendment was made which supplied the defects pointed out in the original petition, and it was held that the petition as amended was good as against a general demurrer. Same case, 121 *Ga.* 420 (49 S. E. 300). In the present case the petition alleged, that the placing upon and near the street and sidewalk of a large amount of trash and loose sheets of paper, which would be easily liable to be blown about, would naturally tend to frighten not only excitable and nervous horses, but even quiet and steady ones, and cause them to run away; that the wind was blowing sharply; but that nevertheless the defendants so placed such trash and paper without putting it in any receptacle or confining it in any way. It was further alleged that the horses which the plaintiff was driving along the street were steady and roadworthy and reasonably well broken. This was sufficient as against a general demurrer or one based on the ground that the ordinance was a sanitary measure only, and that the facts alleged did not show negligence on the part of the defendants as to the plaintiff.

This case is not controlled by the decision in *Mayor and Council of Macon* v. *Dykes*, 103 *Ga.* 847 (31 S. E. 443). In that case the question did not arise upon a demurrer, which admits the allegations of the petition; but it was decided, upon the evidence, that the plaintiff was not entitled to recover. The undisputed evidence in that case showed that the plaintiff, while driving a horse attached to a two-wheeled roadcart, along a street in which was laid the track of a street railway, attempted to drive, while the horse was in a walk, across the track at an angle of about forty-five degrees; that, when the wheels of the cart came in contact with the iron rails of the track, the wheels slipped along the rails and made a scraping noise, whereupon the horse began to kick, jump, and run, and became wholly unmanageable, and ran away, causing the cart to

collide with a wagon and throwing the plaintiff to the ground, seriously injuring him. While the height of the rails above the surface of the street was variously estimated by the witnesses to be from two to four inches, and there was an ordinance of the city prohibiting the laying of rails which should be above the level of the street, it was held that the undisputed evidence as a whole showed that the negligence of the defendants was not the proximate cause of the injuries to the plaintiff. In the case now before us it was alleged in effect that the defendants were negligent in the particulars set out, and that their negligence was the proximate cause of the injury. It can not be declared on demurrer that this was not true.

2. One ground of the demurrer raised the contention that the violation of the ordinance by the defendants was not the proximate cause of the plaintiff's injury, but that a separate and independent intervening cause, the blowing of the wind, was the proximate cause, coupled with the fact that the horses became frightened, and that this was the act of God for which the defendants were not responsible. Regardless of any claim that the violation of the ordinance would constitute negligence per se as to the plaintiff, the contention is without merit. If one does a negligent act, which alone would not cause injury, but does it under such conditions that it is reasonably and naturally probable that, in connection with the ordinary operations of natural forces, injury will result, the original act will be treated as the proximate cause of such injury, in the absence of the intervention of any independent agency. If he has knowledge that the wind is blowing, or in the ordinary course of nature is likely to blow while the act is in progress, and negligently places large quantities of loose paper where the natural result will be to cause it to be blown against horses in the street, he can not claim that such a wind is an independent intervening cause. *Cheeves* v. *Danielly,* 80 *Ga.* 114 (2), 118 (4 S. E. 902) ; *Hendley* v. *Mayor and Council of Griffin,* 101 *Ga.* 140 (28 S. E. 610) ; *Central of Georgia Ry. Co.* v. *Hall,* 124 *Ga.* 322 (8), 330 (52 S. E. 679, 4 L. R. A. (N. S.) 898, 110 Am. St. R. 170, 4 Ann. Cas. 128) ; Sedgwick on Damages (9th ed.), §§ 118, 121d, 122, 124; *East Tennessee etc. Ry. Co.* v. *Hesters,* 90 *Ga.* 11 (15 S. E. 828) ; Ft. Wayne Cooperage Co. *v.* Page (Ind. App.), 82 N. E. 83 (20), s. c. 170 Ind. 585 (84 N. E. 145, 23 L. R. A. 946) ; Benedict Pineapple

Co. v. Atlantic Coast Line Railroad Co., 55 Fla. 514 (46 So. 732, 20 L. R. A. (N. S.) 92, and note); Rodgers v. Harper & Moore, 170 Ala. 647 (54 So. 199). If the contention above stated could be sustained, it might also be argued that a tort-feasor might tear the roof from a store, and, if the rain or the dew or the wind should injure the goods of the proprietor, no liability would arise, because the rain and the wind and the dew should be classified as acts of God. Or, a person might place a large stone on a hillside, and, if it should roll down and crush a passer on a highway below, escape liability by saying that the stone was caused to roll down the hill by gravity. Or, if one should negligently build a fire in a much traveled street while the wind was blowing, and sparks should be blown against a passing vehicle and set it on fire, could the person building the fire say that his act was not the proximate cause of the injury? Can any one put a thing likely to cause injury into the air (say a noxious gas), and contend that he is not liable because the normal wind carries it to the place where the injury occurs? It was alleged that the act of the defendants was of such a character as naturally to frighten ordinary horses. Under the facts set out in the petition, neither this court nor the trial court can say, as matter of law, that this is untrue. To state the proposition involved in the contention is to show its fallacy. The ground of the demurrer set up that the violation of the ordinance was not the proximate cause of the plaintiff's injuries. But, as we have held above, the case does not depend upon whether the violation of the ordinance constituted negligence per se as to the plaintiff, but depends upon whether the conduct of the defendants was sufficiently shown by the allegations to be negligent and to have caused the injury, so as to withstand a demurrer.

*Judgment reversed. All the Justices concur.*