## BOWEN v. SMITH-HALL GROCERY COMPANY.

1. An objection to evidence as incompetent is not sufficiently specific to avail in the reviewing court. To make such an objection available here, the grounds upon which counsel in the court below claimed that the evidence was incompetent should have been stated.

2. The court erred in charging the jury, in substance, that if the defendants did not use ordinary care and the plaintiff did not, then the plaintiff could not recover. This charge should have been qualified by limiting the effect of the plaintiff's failure to use ordinary care to some particular fact causing or contributing to the happening which resulted in the plaintiff's injuries.

3. The ordinance set out in the petition appears to have been a sanitary measure; and, so considered, its violation would not be negligence per.se as to persons driving along the highway, though such violation might be negligence as a matter of fact relatively to the plaintiff.

4. Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error.

5. An expression or intimation of opinion by the trial judge upon the facts of the case is error.

NOVEMBER 17, 1916.

Action for damages. Before Judge Fite. Whitfield superior court. January 3, 1916.

*Rosser & Shaw, M. C. Tarver,* and *W. M. Henry,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendants.

BECK, J. Grady Bowen brought suit for damages against Smith-Hall Grocery Company, a partnership doing business in the city of Dalton. The petition as amended contained, among other allegations, the following: The defendants' storehouse and place of business fronts on Hamilton Street, the principal business street of the city, upon which at all times of the day there is a large amount of travel by pedestrians and vehicles. At the time of the injury complained of there was in force in the city the following ordinance: "The proprietor of each business house must keep a covered garbage-can outside of his place of business, in which must be placed all refuse, garbage, and trash from said place of business, to be called for by the proper city officers." On the day of the injury the defendants, through their employees, placed upon and near the street and sidewalk in front of their place of business a large amount of trash and loose sheets of paper, without putting it in a receptacle or confining it in any way. The sheets of paper were light and were naturally liable to be blown about the street

by even a slight breeze, and naturally tended to excite and frighten even quiet and steady horses. The plaintiff, who was a capable driver, was driving two reasonably well broken, steady, and road-worthy horses along the street. The wind blew some of the paper on the horses and against their legs, which frightened them and caused them to run away, overturning the vehicle, breaking the tongue out of it, and causing the plaintiff to be violently thrown to the ground, to his serious personal injury. He alleged that the violation of the city ordinance was negligence per se on the part of the defendants; but, without regard to the ordinance, that they were negligent in placing the trash and paper where it was deposited.

The defendants demurred to the petition, upon several grounds. The questions made by the demurrer were ruled adversely to the plaintiff upon a former trial in the court below, and upon writ of error the judgment of the lower court was reversed. *Bowen* v. *Smith-Hall Grocery Co.*, 141 *Ga.* 721 (82 S. E. 23, L. R. A. 1915D, 617). On a subsequent trial the verdict was against the plaintiff; and his motion for a new trial was overruled.

1. An objection to evidence as incompetent is not sufficiently specific to avail in the reviewing court. To make such an objection available here, the grounds upon which counsel in the court below claimed that the evidence was incompetent should have been stated. And so, where evidence was objected to as irrelevant and incompetent, and the court admitted the evidence, this ruling will not be reversed if the evidence was not irrelevant; and this court will not go further and consider the question as to whether or not the evidence was incompetent for any other reason than that of the alleged irrelevancy.

Several other grounds of the motion for a new trial complained of the admission of evidence. In some of them the movant failed to state the grounds of objection made at the time the evidence was offered; in others the objections were stated in such a confused manner that it is impossible to ascertain definitely what specific objections were raised to the testimony complained of; and consequently no ruling is made in reference to the evidence contained in the grounds which are defective in the respects just indicated.

2. Complaint is made of the following charge of the court: "Now, if the defendants in this case used ordinary care, then the

plaintiff can not recover; if they did not use ordinary care, and the plaintiff did not, then he can not recover; but if they did not use ordinary care, and the plaintiff did use ordinary care, and could not by the exercise of ordinary care have prevented the injury to himself, he can recover." The court stated the law too strongly in favor of the defendants in charging the jury that "if they did not use ordinary care, and the plaintiff did not, then he can not recover." This charge was liable to be understood by the jury as instructing them that if the plaintiff was negligent in any respect he could not recover. There was some evidence that the pole of the buggy to which the horses were harnessed was defective, and that the plaintiff knew this; and the defendants introduced evidence to show that the injuries were caused by the plaintiff's having this defective pole, and that if he had bought and substituted a sound pole for the old and defective one, the occurrence upon which the suit is based would not have taken place. That was a question for the jury. The jury might have thought that the plaintiff was negligent and did not exercise ordinary care in the matter of replacing the old pole with a new one, but in view of all the evidence they might have thought that the failure to substitute a new pole was not the cause of the overturning of the buggy and of the consequent injuries to the plaintiff, and that it did not even contribute to this happening; and yet, under the charge last quoted, they were instructed in general terms that if the plaintiff did not use ordinary care he could not recover, although the defendants may have been negligent in the respects alleged in the petition. The charge as to the effect of the lack of ordinary care upon the part of the plaintiff should have been qualified by stating that if the plaintiff did not use ordinary care and this failure to use ordinary care was the cause of the injuries, then he could not recover. The effect of the failure on the part of the plaintiff to use ordinary care should have been confined to those things which caused or contributed to the happening which resulted in the injury.

3. The ordinance set out in the petition appears to have been a sanitary measure; and so considered, its violation would not be negligence per se as to persons driving along the highway, though such violation might be negligence as a matter of fact relatively to the plaintiff. *Bowen* v. *Smith-Hall Grocery Co.*, supra.

4. The exceptions to the charge complained of in the fifth ground of the amended motion for a new trial were numerous and elaborate, and some of them vague and indefinite. We have sustained one of the exceptions, and held that giving the charge quoted was error. In several of the grounds of the motion assigning error upon excerpts from the charge, in addition to the grounds of error specifically stated, error is assigned in the following language: "This charge was error for the reasons stated in ground five." While the specific complaint against the charge in each of these several grounds was considered, we will not return to ground five of the motion to ascertain what were the exceptions to the charge set forth there. Each ground of the motion should be complete in itself, and we should not be referred to other grounds to see what questions were there raised. And this criticism upon the manner of making exceptions is especially pertinent here, as it appears that some of the exceptions to the charge set forth in ground five of the motion could have no possible relevancy to those other grounds wherein we are referred to a consideration of the exceptions in the fifth ground.

5. The following charge of the court is also excepted to: "I charge you further that these defendants being merchants, as the proof shows uncontradicted, they had the right to use and did use paper in the transaction of their business, as all other merchants use of a like kind." The last clause of this instruction seems to be an expression of opinion upon the facts of the case, and as such was error.

While certain other portions of the charge were not entirely accurate, they were not, for any reasons stated in the assignments of error, cause for the grant of a new trial.

*Judgment reversed. All the Justices concur.*