DAVIS, Agent, etc., v. CLARK.   (8 Div. 87.)

(Court of Appeals of Alabama.   Nov. 20, 1923.)

1. Appeal and error ⊕═518(6)—Ruling on motion to strike parts of complaint reviewable though ruling not shown in bill of exceptions.

Under Acts 1915, p. 598, providing that written motions and rulings thereon shall become part of the record on appeal, a ruling on a motion to strike parts of the complaint is reviewable on appeal, though the bill of exceptions did not show the ruling thereon; Acts 1915, p. 722, providing for a different rule as respects motions for a new trial, not being applicable.

2. Appeal and error ⊕═525(1)—Oral charge not in bill of exceptions cannot be considered on appeal.

An oral charge of the court not embraced in the bill of exceptions cannot be considered on appeal.

3. Negligence ⊕═62(1)—Ordinary weather conditions not intervening cause.

The ordinary conditions or forces of nature, such as ordinary wind and weather that are usual at the season of the year and at the place and under the circumstances, and that reasonably should be expected or foreseen as probable to occur, are not generally, independent efficient causes, when they affect or operate on a negligent act in causing a result.

4. Carriers ⊕═277(4)—Carrier held liable for injury to passenger's health from exposure following missing of train.

If a carrier was negligent in permitting a clock in its station to run slow, so that plaintiff missed her train and was compelled to ride a long distance in inclement weather, as a result of which she suffered injury to her health, it was chargeable with knowledge of what might result, and it must respond in damages for the natural and probable proximate result of such negligence.

5. Trial ⊕═248—Charge stating abstract proposition properly refused.

A requested charge stating an abstract proposition held properly refused.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action for damages by Ellen Clark against James C. Davis, as agent under Transportation Act, 41 Stat. 456. From a judgment for plaintiff, defendant appeals. Affirmed.

---

See Louisville & N. R. Co. v. Clark, 205 Ala. 152, 87 South. 676, 14 A. L. R. 695.

Eyster & Eyster, of Albany, for appellant.

The contract was interstate, and plaintiff could not recover damages for mental anguish. W. U. Tel. Co. v. Hawkins, 198 Ala. 682, 73 South. 975; Deavors v. So. Ex. Co., 200 Ala. 372, 76 South. 292. Charges 49, 55, and 56 should have been given for defendant. L. & N. v. Clark, 205 Ala. 152, 87 South. 676, 14 A. L. R. 695.

Jno. R. Sample, of Hartsells, and Callahan & Harris, of Decatur, for appellee.

The defendant, having had notice of the additional journey, was liable for injuries sustained by reason thereof. L. & N. v. Clark, 205 Ala. 152, 87 South. 676, 14 A. L. R. 695; Armstrong v. Montgomery S. R. Co., 123 Ala. 239, 26 South. 349.

SAMFORD, J. This is the second appeal in this case. L. & N. R. R. Co. v. Clark, 205 Ala. 152, 87 South. 676, 14 A. L. R. 695. It is conceded by appellant in brief that, under the holding of the Supreme Court on former appeal, it is settled that the plaintiff has a cause of action. In brief of counsel for appellant the grounds insisted upon as error to a reversal are succinctly stated as follows:

"We think that the court has allowed the plaintiff undue latitude in the matter of proof of damages."

These questions are presented by motion to strike out certain parts of the complaint, objections to evidence, and written charges.

[1] It is insisted by counsel for appellee that, as the bill of exceptions shows no ruling on the motion to strike portions of the complaint, this court cannot pass upon the question. Such, however, is not now the law. Acts 1915, p. 598, provides:

"That all motions which are made in writing in any Circuit Court or any Court of like jurisdiction in any cause or proceeding at law, shall, upon an appeal become a part of the record; and the ruling of the court thereon shall also be made a part of the record, and it shall not be necessary for an exception to be reserved to any ruling of the court upon such motion."

See Stover v. State, 204 Ala. 311, 85 South. 393. The later act of 1915 (page 722) approved September 22, 1915, makes a different rule governing motions for new trial, but in no way affects other motions.

The motion to strike contained many specifications, and assigned 14 grounds for the motion. The judgment of the court was that the motion to strike from the complaint "mental pain and anguish" is granted, and as to other parts it was overruled. This in effect eliminated from the complaint all claim for damages by reason of mental pain and anguish in whatever form alleged, leaving in the complaint a claim for physical damage in conformity to the rules obtaining in cases governed by the law of interstate commerce. L. & N., etc. v. Clark, 205 Ala. 152, 87 South. 676, 14 A. L. R. 695. The rulings of the court upon the admissibility of testimony were such as to confine the inquiry to the issues made by the pleading.

[2] The excerpt from the court's oral charge made the basis of assignment 143 is not embraced in the bill of exceptions, and cannot be considered.

[3] This leaves us to consider refused charges 49, 55, and 56 requested by defendant. These charges present the same questions as were presented in the former appeal in this case in refused charges 8, 9, 10, and 15, as to which the court said:

"The special circumstances of plaintiff's journey to Hartsells were declared by the pleading to have been disclosed to defendants, and it was shown by the evidence that defendants' agent at Decatur was informed of such special and pertinent circumstances. Though the evidence shows her long detention in Decatur, that during the evening of January 28th the weather changed materially in its inclemency, affecting the way and conditions under which plaintiff was put off at Hartsells to go on her way, that it was materially different from that which obtained had she been carried there at 7 o'clock in the morning pursuant to schedule and specific information given her by defendants' agent in the discharge of the duties of his employment, yet defendants' contract with plaintiff was for transportation to Hartsells, with due dispatch and by ordinary or reasonable course of schedule of the train arriving at that point on the morning of January 28, 1918, under the special circumstances or purpose declared in the pleading, and of which defendants had due notice. However, the evidence failed to show that defendants were informed that plaintiff's ultimate point of destination was not Hartsells, but that an additional journey was to be prosecuted from that point. We are of opinion that reversible error was committed in the refusal of written charges 8, 9, 10, and 15."

[4] And we may add that the ordinary conditions or forces of nature, such as ordinary wind and weather, that are usual at the season of the year and at the place and under the circumstances, and that reasonably should have been expected or foreseen as probable to occur, are not generally independent efficient causes when they affect or operate on a negligent act in causing a result. If the defendant's act in this case was negligent, it would be held to know the usual effect of ordinary natural conditions and forces, and to have contemplated the appearance and the effect of such conditions and forces on its negligence for which it must respond in damages for the natural and probable proximate result of such negligence. Benedict P. Co. v. Atlantic & C. R. Co., 55 Fla. 514, 46 South. 732, 20 L. R. A. (N. S.)

92; Bowen v. Smith-Hall Gro. Co., 141 Ga. 721, 82 S. E. 23, L. R. A. 1915D, 617.

The record on former appeal omitted proof of notice to defendant that plaintiff's ultimate destination was beyond Hartsells. In the present record there is sufficient evidence on that point to make it a jury question. Hence on the trial from which this appeal is taken, charges 49, 55, and 56 were properly refused.

[5] Charge 36 stated ·an abstract proposition, and was for that reason properly refused.

We· find no error in the record, and the judgment is affirmed.

Affirmed.