ALLEN *et al. v.* BONE *et al.*

No. 15823.   JUNE 12, 1947.

*J. T. Sisk,* for plaintiffs in error.

*R. Howard Gordon* and *Rupert A. Brown,* contra.

HEAD, Justice. (After stating the foregoing facts.) 1. The plaintiff in error (defendant in the court below) filed two amendments to his motion for new trial, one amendment containing ten grounds, and the other, one ground. The complaint made in the first ground of the first amendment was in regard to a portion of the charge of the court. The trial judge before approving this ground corrected a mistake in the stenographic report of this portion of the charge. The plaintiff in error concedes that, if the trial judge is allowed to make this correction, there is no error in the charge. This court must accept the record of a lower court as approved by the trial judge, and this ground of the amendment therefore presents no question for determination.

2. Ground 2 complains of the charge of the court as follows: "Now with reference to the line between them, plaintiff contends that they not only have title by deed but that they have title by prescription, and that the line between the two has become fixed by reason of acquiescence in that line by the adjoining property owners, Mrs. Bone and Mr. Allen. Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line. To establish a line by acquiescence it must appear that the owners of the property to be affected by the establishment of the line either acted in such a manner for the space of seven years, or made such declarations during the continuance of that period as to show that the line claimed was the true line between the estates."

It is contended that this charge was erroneous because it presented to the jury the principle of law in regard to acquiescence in a boundary line by the plaintiff in error, whereas he claimed that the defendants in error had acquiesced in a line established by processioners for more than the seven-year period necessary to estop them from disputing such line.

It is not contended that the charge as given was unsound as an abstract principle of law. Immediately following the charge complained of, the court instructed the jury as follows: "Now the defendants come into court and they deny all these contentions of plaintiffs, and they say the true line between the property of Mr. Allen and the plaintiffs in this case is a line that was established as the result of a processioner proceedings had in the court of ordinary in this county, and they introduced into evidence thereto certified by the ordinary of this county, which they contend not only shows, but is a true dividing line between the property of the plaintiffs and defendants in this case." The court further instructed the jury: "When the plat of the surveyor is introduced in evidence, as has been introduced in this case, it is to be considered and accepted as prima facie correct. That doesn't mean, however, that it is conclusively correct, it is prima facie correct, and it may be rebutted by proof."

The charge of the court on the contentions of the plaintiff in error correctly stated his contentions as shown by his pleadings and the evidence, and no reversible error is shown in this ground of the motion for a new trial.

3. Special ground 3 is incomplete, in that it would require reference to another ground in order to understand the assignment of error. *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32).

4. In special ground 4, it is insisted that there is an "absence of any testimony to establish adverse possession of the strip of land in dispute by the plaintiffs even for seven years under color of title, or by twenty-years' adverse possession." It is contended that the testimony of Mrs. Bone and her father shows that some time during the period of her ownership of the lands, to wit, 1913 to 1945, the lands were sold before the courthouse door and bought in by her father and reconveyed to her. The contention here made is an elaboration of the general grounds, that the verdict is without evidence to support it.

On the question of possession, Mrs. Bone testified in part: "I have been in actual, notorious, and adverse possession of this tract of land for 34 years. . . There was a turn row there and we always went to the turn row. I have been in possession since 1913, which is 34 years ago." With reference to the sale of the

property, Mrs. Bone testified in part as follows: "During the 34 years I have been in possession of this property it was levied on and sold, but was made back to me. It was sold at public sale here in Danielsville, but it was deeded back to me. It was sold and my father bought it and deeded it back to me. . . I have not been out of possession the whole 34 years I have had this land."

There is nothing in the record to indicate under what process the land was sold, the time when it was sold, nor the period of time between the purchase by the father of Mrs. Bone and a reconveyance by him to her. If the property was sold for taxes, no right of possession would have accrued in the purchaser until after the period of redemption had passed.

With reference to the sale of the land, Frank Glenn, father of Mrs. Bone, testified in part as follows: "This land went to sale at public sale. I never disturbed her [Mrs. Bone]. I bought it in at this public sale and deeded it back to her. She has been in possession all the time."

In *Blalock* v. *Redwine*, 191 *Ga.* 170 (12 S. E. 2d, 639), it was held: "In order to constitute the element of continuity which is essential to adverse possession as the foundation of a good prescriptive title . . it is not necessary that adverse possession be maintained for the statutory period by the same person, since continuity may just as effectively be shown by the successive bona fide possessions of several persons, provided the requisite privity exists between them, so as to thus permit a tacking of their unbroken successive possessions. . . In order to show privity between successive occupants, all that is necessary is that one shall have received his possession from the other by some act of such other or by operation of law."

Under all of the evidence, the jury might have found that Mrs. Bone was in adverse possession of the land for twenty years or more. It is not disputed that she received a deed to her property in 1913. "Adverse possession of lands, under written evidence of title, for seven years, shall give a like title by prescription." Code, § 85-407. The jury would not have been required to find that she was in possession of the land for twenty years in order to establish a title by prescription. She could have established a prescrip-

tive title under her deed and proof of seven-years' possession. The assignment of error in this ground is without merit.

5. Special ground 5 complains that "it was erroneous to submit to the jury for their consideration the question of prescriptive title in Mrs. Bone et al. by reason of twenty-years' possession under the rules of law," since the evidence in behalf of the defendants in error disproved possession for the length of time required by law.

Special ground 6 contends that the court erred in submitting to the jury "the question of title by prescription in Mrs. Pearl Bone et al. by reason of seven years of possession under color of title," for stated reasons.

Special ground 7 states that the court erred in submitting to the jury "the question of prescriptive title in Mrs. Bone under twenty-years' possession of the same," by reason of specified portions of the testimony.

In ground 1 of the second amendment, it is contended that the court erred in submitting to the jury "the question of title by prescription in Mrs. Bone et al. by virtue of any possession for a period of seven years under color of title, and charging the jury upon the question of prescriptive title in Mrs. Bone et al. by reason of seven-years' possession of the property in dispute, under 'color of title,' " for stated reasons.

These grounds of the motion are not sufficiently specific to raise any questions for determination by this court. None of the grounds show, what the charge of the court was in regard to prescriptive title in the defendants in error, and it would be necessary to search through the entire charge to find what instructions the court gave on prescriptive title. "The Supreme Court cannot review a charge alleged to be erroneous, when the exception thereto does not set forth, either directly or in substance, the language complained of, or at least enough of the same to convey a clear understanding of such charge." *Southern Ry. Co.* v. *Dantzler,* 99 *Ga.* 323 (25 S. E. 606). See also *Wappoo Mills* v. *Commercial Guano Co.,* 91 *Ga.* 396 (18 S. E. 308); *Millen & Southwestern R. Co.* v. *Allen,* 130 *Ga.* 656 (61 S. E. 541); *Page* v. *Brown,* 192 *Ga.* 400 (15 S. E. 2d, 506).

6. In ground 8 of the amended motion for new trial, it is contended that the court should have given in charge to the jury Code, § 85-404, and especially the following language in such sec-

tion: "Hence, adjacent owners may be in constructive possession of the same land, being included in the boundaries of each tract. In such cases, no prescription can arise in favor of either." · It is insisted that it was harmful and prejudicial to the plaintiff in error to neglect to charge the principle stated, as the contesting parties were adjoining landowners, and the sole question to be determined was the location of the true line between them, and that no prescription could arise in favor of either party.

The contention here made is clearly without merit. Mrs. Bone contended that she was in actual adverse possession of all of the land described in her deed. Allen contended that he was in actual possession of the disputed land, and that the line had been fixed by a proper processioning proceeding. Under the contention of neither party was the law of constructive possession, as stated by the Code, § 85-404, involved.

7. In ground 9 of the amended motion for new trial, it is insisted that F. M. Glenn, father of Mrs. Bone, and her predecessor in title, agreed to and accepted the line as run by the processioners, that such agreement made the line marked by the processioners the true line, and that the verdict was therefore without evidence to support it, and contrary to law.

The plaintiff in error in his brief states: "Plaintiff in error contends that while the question of acquiescence in a given line for seven years is involved, under the contentions of both the plaintiffs and defendants below, the question of prescriptive title was not involved." This statement concedes that it was a question for the jury to determine under the evidence whether or not the defendant in error had shown acquiescence by the plaintiff in error in the line as contended by her (defendant in error).

If the line as claimed by the defendant in error varied from the line marked by the processioners, as contended by the plaintiff in error, the processioners' line, while fixing the dividing line between the parties at that time, was not final and conclusive as to another later line established by adverse possession or by acquiescence.

8. In ground 10 of the amended motion for new trial, the plaintiff in error contends that the judge failed in his charge to the jury to submit a substantial issue in the case, that if F. M. Glenn accepted the line as marked by the processioners in 1909, as testified by him, then it "would be and constitute the true line between the properties regardless of any subsequent acquiescence therein."

The contention made in this ground appears to be that, when processioners have marked a line, the parties can not thereafter by agreement or by acquiescence establish any line other than that run by the processioners. A line run by processioners, to which no protest is filed, fixes the dividing line between the properties at that time. This does not mean, however, that the parties can not by subsequent agreement or acts of acquiescence establish another or different dividing line between their properties. See Code, § 85-1602. It was not error to fail to charge as contended by the plaintiff in error.

9. In the brief of counsel for the plaintiff in error, the general grounds of the motion for new trial are not insisted upon, except in so far as certain special grounds elaborate on the general grounds. These special grounds have been discussed in previous divisions of this opinion. However, we have examined the brief of evidence, and find that the evidence was sufficient to support the verdict of the jury, and it was not erroneous to overrule the general grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur.*