32954. LEDFORD *v.* HILL.

300

DECIDED JULY 7, 1950. REHEARING DENIED JULY 20, 1950.

*J. V. Poole, J. C. Bell,* for plaintiff.

*Thomas G. Lewis,* for defendant.

WORRILL, J. (After stating the foregoing facts.) ■ Special ground 1 of the motion for new trial complains that the court erred in admitting in evidence certain testimony of one of the witnesses for the defendant, as follows: "The paper you hand me conveyed to me an acre of land. I bought the acre from W. A. Smith in 1933. When I bought it, there was a consideration of a well on that property. It was on the acre of land that I

bought . I think it was 18 feet from the east line. I have seen the well and land that Mr. Hill has bought. The well and the line east of the well are just like they were when I owned it. The well is now and was on that acre. I was present when that acre was measured off. . . There was a iron pin at the north corner, and running from there back west I bought the lot, and the lot was measured off 70 yards up Red Mill Road, then back north 70 yards. Then we came back down to Red Mill Road and west back out 70 yards, and then north 70 yards to the corner pin. Myself and my father, Mr. Jim Dodson, and Mr. Smith were present when that was done." It was contended that such oral testimony "can not be legally admitted to disprove or change the beginning point or the west boundary of Hill's own acre, contrary to that plainly and unambiguously set out in the deed." The oral testimony here was obviously not offered for the purpose of changing the description in the deed which had been executed to Hill, and was admissible on the question of the location of the boundary between the coterminous landowners. "The duty of processioners in fixing and marking anew established lines is not to locate them as they originally ought to have been laid out, but only to fix and determine the boundaries as they actually exist (*Boyce* v. *Cook*, 140 *Ga.* 360, 78 S. E. 1057; *Langley* v. *Woodruff*, 144 *Ga.* 702, 87 S. E. 1054), keeping in view the rules governing in disputed lines as prescribed by section 3820 of the Civil Code (1910) [which states rules to be observed, as well as the provision of law that 'Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession,' Civil Code (1910), § 3822 [Code of 1933, § 85-1603.] It is not the function of processioners to ascertain and fix new lines; their duty is only to run and mark anew those which can be taken as having been formerly located and established. [Citing.] Thus, muniments of title accompanied by diagrams or plats which might on paper sufficiently describe and designate the lines and boundaries of realty so as to render their ascertainment certain will not of themselves afford the proper basis for the services of processioners. But even though the course and extent of the line itself may not have been actually marked out

upon the earth's surface, yet, if there should exist a sufficient number of physically established corners or landmarks, the mere connecting of which by straight lines, or from which the projecting of the courses and distances shown by the plat would suffice to complete the boundary, it would be the duty of processioners, in accordance with the provisions of section 3820 of the Civil Code (1910), so to ascertain, mark and establish the same, respecting always the rights had under actual possession as defined by section 3822 of the Civil Code." *Cosby* v. *Reid*, 21 *Ga. App.* 604 (1) (94 S. E. 824). See also *Bowen* v. *Jackson*, 101 *Ga.* 817 (29 S. E. 40); *Boyce* v. *Cook*, 140 *Ga.* 360 (78 S. E. 1057); *Byrd* v. *McLucas*, 194 *Ga.* 40, 42 (20 S. E. 2d, 597); *Aderhold* v. *Lambert*, 67 *Ga. App.* 166, 169 (19 S. E. 2d, 538). Thus it is seen that muniments of title describing a boundary line do not necessarily control in a processioning case, and that oral testimony is competent on the question of location of the boundary line *as it really exists*. This ground is without merit.

■ Grounds 2, 3, 4, and 5 of the motion for new trial merely quote testimony of certain witnesses but do not assign any error. Consequently nothing is presented for decision by this court. The fact that in a later ground reference was made generally to this testimony and objections stated will not cure the defect. Every ground must be complete in itself. *Bowen* v. *Smith-Hall Grocery Co.*, 146 *Ga.* 157 (4) (91 S. E. 32); *Dye* v. *Dotson*, 201 *Ga.* 1, 6 (39 S. E. 2d, 8); *Allen* v. *Bone*, 202 *Ga.* 349, 352 (3) (supra).

■ Special ground 6 of the motion quotes certain testimony of one of the processioners which in substance states how the processioners made their measurements and established the existing boundary line after being informed as to what was the original west line of Hill's acre. It is contended that: (a) a processioner is not a competent person to testify as to how and why he and the other processioners arrived at their judgment; (b) he can not by his testimony impeach or sustain his own return upon the trial of a protest; (c) and the terms of Hill's deed can not be changed by oral testimony, there being no ambiguity therein. The witness's testimony did not impeach his return, and it was proper for him to state how he and the other processioners reached their findings. We know of no law

to the contrary, and movant cites none. The testimony was admissible, not as changing the description in Hill's deed, as hereinbefore explained, but as showing the location of the boundary line as determined by the processioners. As to admissibility of such testimony respecting the processioning, see *Gunn* v. *Harris*, 88 *Ga.* 439 (14 S. E. 593).

■ Special grounds 7 and 8 complain of the refusal of the court to rule out testimony quoted by movant in the foregoing grounds of the motion for new trial, it being contended that the testimony changed or varied the terms of Hill's deed. These grounds are incomplete and can not be considered for reasons already stated.

■ Special ground 9 complains that the court erred in charging the jury as follows: "Natural landmarks, being less liable to change and not capable of counterfeit, shall be the most conclusive evidence. Ancient or genuine landmarks, such as corner station or marked trees, shall control the courses and distances called for by the survey." It is contended that there was no evidence authorizing the charge, and that Hill is estopped by the description in his deed from claiming that the starting point is otherwise than as therein shown. Enough has been said hereinbefore to demonstrate that Hill is not estopped from asserting that the boundary line is as claimed by him. Nor is the contention that there was no evidence to authorize the charge on landmarks meritorious. It was shown that the south line started at a stump of what had been an old oak tree 34.2 feet east of what the plaintiff contends is the west line of Hill's acre according to his deed. This remaining stump constitutes such a landmark as was referred to in the charge, and the ground is without merit. Code, § 85-1601.

■ Special ground 10 complains that the court erred in charging the jury as follows: "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than thirty years' standing; and acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." It is contended that the charge as to acquiescence was not authorized by any evidence and that Hill could not prescribe against his deed. Whether or not there was any evidence showing acquiescence between adjoining landowners on

the east side of Hill's acre, there was testimony by J. A. Dodson which showed that the western boundary had been established by acquiescence. He testified that one Duncan then owned the land on the left of the acre now owned by Hill. Hill's acre was a part of land which Dodson sold to W. A. Smith on December 30, 1912. On February 2, 1933, Smith cut off this acre and sold it to Hubert Dodson, and he, on December 31, 1936, sold the acre to Mr. and Mrs. S. A. Coleman, who, on May 24, 1944, sold it to Ben E. Hill and Mary Anne Hill. During the ownership of J. A. Dodson, which was for 20 years or more before he sold to W. A. Smith, he cultivated the land which he bought from the Duncan estate. According to his testimony, the western boundary of Hill's acre is just as it was then and for sixty years, and along it ran a hedge, and he plowed to the hedge on his side and a Duncan plowed to the hedge on his side. Just as grantees are bound by acquiescence of their grantors, near or remote, they also get the benefit of it. Hence, Hill, the defendant here, may properly assert that between his remote grantor, J. A. Dodson, and another the western boundary was fixed by acquiescence as he claims the line to be, although no predecessor of the protestant here was a party thereto, and although no title is adjudicated as between the present parties. The court did not err in charging the provisions of the Code, § 85-1602. The objection that Hill could not prescribe against his deed is, of course, not well taken, since prescription is not involved in a processioning case.

■ The 11th special ground of the motion for new trial complains that the court erred in charging the jury as follows: "Traditionary evidence as to ancient boundaries and landmarks shall be admissible in evidence, the weight to be determined by the jury according to the source whence it comes." There was abundant traditionary evidence from the witness J. A. Dodson as to the location of the western boundary of Hill's acre, and the objection that there was none is without merit. Such evidence may be resorted to in order to establish a boundary line. *Roberts* v. *Ivey*, 63 *Ga.* 622; *McAfee* v. *Newberry*, 144 *Ga.* 473 (1) (87 S. E. 392); *Moore* v. *McAfee*, 151 *Ga.* 270 (5) (106 S. E. 274); *Deaton* v. *Swanson*, 196 *Ga.* 833, 837 (3) (28 S. E. 2d, 126).

**312**

■ The 12th special ground of the motion complains of the following charge of the court: "Actual possession of land as defined by the law is evidenced by enclosure, cultivation or any use and occupation thereof which is so notorious as to attract the attention of every adverse claimant and so exclusive as to prevent actual occupation by another. In every such possession to be respected by the processioners and the lines so marked as not to interfere with it, such possession should be actual at the time the proceeding is had and must have been under a claim of right for more than seven years." The contention that such charge was not authorized by any evidence is without merit.

■ In the present case the evidence was sufficient to authorize the jury to find from tradition or general reputation (Code, § 85-1602) and adverse actual possession for more than seven years by the defendant Hill and his predecessors in title under a claim of right (Code, § 85-1603) that the eastern and western boundaries of his acre of land were as claimed by him and shown on the plat of the surveyor under date of May, 1947. This plat, made and marked at the direction of the processioners, was prima facie true and correct (*Allen v. Bone*, 202 *Ga.* 349, 352, 43 S. E. 2d, 311), and no evidence was presented which was sufficient to overcome it as a matter of law. The court did not err in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*